**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Paul BLAZEVICH, Defendant–Appellant.**

**No. 05–55298.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 [*].

Filed Feb. 23, 2007.

Matthew Gardner, San Diego, CA, for Plaintiff–Appellee.

Paul Blazevich, Big Spring, TX, pro se.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Paul Blazevich appeals pro se from the district court's order denying his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see United States v. Zuno–Arce*, 339 F.3d 886, 888 (9th Cir.2003), and we dismiss in part and affirm in part.

Blazevich contends that court-appointed counsel's failure to file a petition for writ of certiorari in the United States Supreme Court violated his statutory right to counsel. Because Blazevich failed to brief this issue in his section 2255 motion and raised it for the first time in his notice of appeal, and because the district court has not addressed this issue on the merits, we dismiss this certified issue. *See Phelps v. Alameda*, 366 F.3d 722, 728 (9th Cir.2004); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999) ("[A]n appellate court will not consider issues not properly raised before the district court.").

Blazevich next contends that the district court erred in denying, without an evidentiary hearing, his claim that the government violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We reject this contention because a review of the record demonstrates that no evidence supports Blazevich's claim that the government was withholding any exculpatory evidence. *See Phillips v. Woodford*, 267 F.3d 966, 987 (9th Cir.2001).

To the extent that Blazevich raises issues not included in the certificate of appealability ("COA"), we construe such contentions as a motion to broaden the COA, and we deny the motion. *See* 9th Cir. R.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**DISMISSED in part; AFFIRMED in part.**